"do violence to its plain meaning." (*People v. Joe*, 31 Ill.2d 220, 226, 201 N.E.2d 416.) In my opinion it appears from this record that the parties at trial intended by this stipulation to obviate the need for the very proof which defendant now contends is lacking.

In any event, two recently decided cases in this court govern the disposition of this appeal. Both cases reject the identical contention regarding the need of specific proof of corporate existence of the owner of stolen property. (See *People v. Sims*, 29 Ill.App.3d 815, 331 N.E.2d 178, involving "Jewel Food Store". Also *People v. Austin*, 25 Ill.App.3d 174, 323 N.E.2d 128 (abstract opinion), involving "Marshall Field and Company." No other authority is required for disposition of the appeal by affirmance.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARVIN TAYLOR, Defendant-Appellant.

(No. 60079;

First District (1st Division)—August 18, 1975.

Opinion by Mr. JUSTICE SIMON.

Paul Bradley and Howard B. Augustus, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Richard H. Robinson, Assistant State's Attorneys, of counsel), for the People.